Wei v. Wilkinson

BIA
Hom, IJ
A205 182 341

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-one.

PRESENT:
    ROSEMARY S. POOLER,
    SUSAN L. CARNEY,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

FENGYING WEI,
        *Petitioner,*

        v.                                          18-3353
                                                    NAC
ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted as Respondent.

**FOR PETITIONER:** Jed S. Wasserman, Esq., New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fengying Wei, a native and citizen of the People's Republic of China, seeks review of an October 4, 2018, decision of the BIA affirming a September 20, 2017, decision of an Immigration Judge ("IJ") denying Wei's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fengying Wei,* No. A 205 182 341 (B.I.A. Oct. 4, 2018), *aff'g* No. A 205 182 341 (Immig. Ct. N.Y. City Sept. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Yan Chen v.*

2

*Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA assumed Wei's credibility, so do we. *Yan Chen*, 417 F.3d at 271-72. The standards of review are well established. *See Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

An IJ may require an asylum applicant to provide evidence that corroborates otherwise credible testimony in order to meet the applicant's burden of proof for asylum. 8 U.S.C. § 1158(b)(1)(B)(ii). "[A] failure to corroborate can suffice, without more, to support a finding that an [applicant] has not met his burden of proof." *Chuilu Liu*, 575 F.3d at 198 n.5; *see also Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018). When an IJ determines that corroborating evidence is necessary, the applicant must provide the evidence "unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). We may reverse a finding that corroboration is lacking only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Id.* § 1252(b)(4).

While the agency must identify what reasonably available evidence should have been provided and must assess the applicant's explanations for any missing evidence, it is the applicant's burden to provide the evidence or an adequate explanation for any failure to obtain it. *Chuilu Liu*, 575 F.3d at 198-99. To overcome the need to corroborate, the applicant's explanations must compel a conclusion that the requested evidence is not reasonably available. *See* 8 U.S.C. § 1252(b)(4); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

The agency reasonably concluded that Wei failed to sufficiently corroborate that she was arrested, beaten, required to pay a bond for her release, and forced to report to a police station more than 20 times by Chinese authorities after she allegedly was caught attending a Christian house church meeting in 2011. The IJ did not err in declining to credit letters from Wei's husband and father because her husband was present but declined to testify at Wei's hearing and her father is an interested witness who was not subject to cross-examination. *See Yan Juan Chen*, 658 F.3d at 253 (upholding agency's rejection of applicant's argument that her husband was unavailable to testify on her behalf in asylum

4

proceedings due to his unlawful immigration status); *Matter of H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished evidentiary weight to letters from relatives because they were "interested witnesses who were not subject to cross-examination"), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

The agency also reasonably determined that Wei could have provided a medical report from the hospital where she had her injuries treated and evidence of a fine because she testified that she had medical report and a friend paid the fine for her release. When asked why she did not provide this evidence, she did not allege it was unavailable and conceded she had not tried to obtain it. Her explanation that it had been a long time since the events does not compel the conclusion that the evidence was unavailable. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4).

Because the agency identified corroborating evidence that should have been provided and Wei has not shown that such evidence was unavailable, she has not established error in the agency's conclusion that she did not meet her burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 198. Because she failed to meet her burden of proof

5

for asylum, she "necessarily" failed to meet the higher burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

Finally, we reject Wei's contention that the IJ's exclusion of late-filed evidence deprived her of due process. "To establish a violation of due process, an [applicant] must show that she was denied a full and fair opportunity to present her claims," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), and "allege some cognizable prejudice fairly attributable to the challenged process," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). As Wei concedes, except for her daughter's certificate of baptism, the late-filed documents were clearer copies of documents previously admitted into evidence. She has not demonstrated how these late documents relate to the corroboration issues that the agency's decision relied on, and therefore she has not established prejudice as required to prevail on a due process claim. *See id.*

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court